IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY JORDAN BROWN**                                                                                  **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  1:07-cv-1167-LG-RHW**

**STEVE GARBER, et al.**                                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate of the Pearl River County Jail, Poplarville, Mississippi, at the time he filed in the instant civil act on October 19, 2007, filed a complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On December 19, 2007, this Court entered an order [6] directing the Plaintiff to file a written response on or before January 2, 2008.  The envelope [7] containing that order was returned on January 2, 2008, with the notation by the postal service "return to sender - not deliverable as addressed - unable to forward."  The Plaintiff was warned previously by this Court in the notice of assignment as well as the order [3] entered October 31, 2007, which he received and filed a response [4] on November 7, 2007, that his failure to keep this Court informed of his current address or his failure to timely comply with a court order could result in the dismissal of this case.

According to the court record, the Plaintiff has failed to keep this Court informed of his current address and he has failed to comply with the order [6] of this Court.  Out of an abundance of caution, the Court attempted to located Brown on the Mississippi Department of Corrections website to no avail.  It is apparent from the Plaintiff's failure to communicate with this Court concerning his change of address that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30.

The Plaintiff has not provided a forwarding address nor has he contacted this Court since November 7, 2007. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendants have never been called upon to respond to the Plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of Plaintiff's claims, the Court's order of dismissal will provide that dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

**SO ORDERED AND ADJUDGED** this the 22nd day of February, 2008.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE